[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to General Statutes § 16-35 and § 4-183, Simsbury Fire District ("SFD") appeals from a May 5, 2000 decision of the Department of Public Utility Control ("DPUC") and the Department of Public Health ("DPH") permitting the BHC Company ("BHC") to acquire control of the Village Water Company ("VWC"). Pending before the court are motions of DPUC, DPH and BHC to dismiss SFD's complaint on jurisdictional grounds.
SFD alleged in its complaint dated May 19, 2000, that it is a public entity established under Chapter 105 of the General Statutes (Complaint, para. 1); that VWC is a Connecticut public utility water company (Complaint, para. 4); and that BHC is a Connecticut regulated water company and wholly-owned subsidiary of Aquarion Company, in turn a wholly-owned subsidiary of Kelda Group, plc, of the United Kingdom (Complaint, para. 5). On January 10, 2000. BHC and VWC submitted a joint application for approval of a change of control so that BHC could purchase the outstanding shares of VWC and merge VWC into BHC. (Complaint, para. 8). The General Statutes mandate that a public utility water company may not discontinue its operations without the approval of DPUC and DPH. General Statutes § 16-46.
During February and March, 2000, joint hearings were held on the application by DPUC and DPH (Complaint, para. 12). Among the intervenors allowed at the hearings that took a stand opposed to the application was SFD (Complaint, para. 14). On May 5, 2000, DPUC and DPH approved the application. This appeal followed, claiming, among other things, that the agencies failed in their decision to promote local control of VWC and failed to evaluate the likelihood of rate increases by BHC (Complaint, para. 22).
CT Page 3907
With regard to aggrievement, SFD initially alleged that "[t]he purpose of the Fire District is to prevent and extinguish fires. . . ." (Complaint, para. 1). In paragraph 14 of the complaint, SFD alleged that it was "the largest customer of VWC." Finally paragraph 21 stated: "The Fire District is aggrieved by the decision of the DPUC and the DPH in that the decision is not in the best interests of the customers and ratepayers of Village Water, which includes the Fire District, and does not promote local control, which local control is in the interest of the Fire District."
The motions to dismiss are based upon the failure of SFD to allege aggrievement in its complaint to the extent required by law.[1] Not only must SFD prove aggrievement, it must adequately plead it as well.Beckish v. Manafort, 175 Conn. 415, 419 (1978); Bakelaar v. West Haven,193 Conn. 59, 65 (1984); Cole v. Planning Zoning Commission,30 Conn. App. 511, 515 (1993) ("Both pleading and proof of aggrievement are a prerequisite to a trial court's jurisdiction over the subject matter of the plaintiffs' appeal.")
The issue of aggrievement may be raised on a motion to dismiss under which the court is required to assess the legal sufficiency of the allegations of aggrievement. "The court must take the challenged factual allegations and the facts necessarily implied therefrom, construed most favorably to the pleader, as true. . . . The pleading is tested by the facts provable under it, but unsupported conclusions of law are not admitted." (Citations omitted.) Ribicoff v. Division of Public UtilityControl, 38 Conn. Sup. 24, 27 (1980) (Borden, J.), aff'd, 187 Conn. 247
(1982) (per curiam). As Judge Hodgson recently stated in Hutchings v.State Traffic Commission, Superior Court, judicial district of Waterbury, Docket No. X01 CV 990160453S (September 22, 2000, Hodgson, J., 28 Conn.L.Rptr. 208):
 The scope of the [defendant's] challenge to the plaintiffs' standing is limited in the context of a motion to dismiss to the adequacy of their pleading of aggrievement, and the court has not therefore conducted an evidentiary hearing concerning proof of those factual allegations concerning the plaintiffs' interests and injury to those interests. Presentation of evidence to establish aggrievement would follow if this court found that the plaintiffs had sufficiently alleged facts concerning the interests that are affected by the challenged administrative action.
"The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming CT Page 3908 aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) New England Cable Television Assn., Inc. v. Department ofPublic Utility Control, 247 Conn. 95, 103 (1998); see also BethlehemChristian Fellowship, Inc. v. Planning and Zoning Commission,58 Conn. App. 441, 444 (2000).
The court must therefore review the statements in the complaint for the purposes of finding whether SFD's interest and injury are sufficiently pleaded. "The mere statement that the [plaintiff] is aggrieved, without supporting allegations as to the particular nature of the aggrievement, is insufficient." Maloney v. Taplin, 154 Conn. 247, 250 (1966). "Aggrievement is a legal conclusion which, if stated without supporting allegations as to the particular nature of the aggrievement, is insufficient as the basis for appeal." Hartford Kosher Caterers, Inc. v.Gazda, 165 Conn. 478, 483 (1973).
Here, SFD first alleges that it is charged with the duties associated with fire extinction, that it is the largest customer of VWC and that it is thus aggrieved by the final decision of DPUC and DPH. This assertion does not satisfy the first prong of the aggrievement test. In its allegation that it is a customer of VWC, even the largest customer, SFD has not alleged a "specific personal and legal interest" in the actions of DPUC and DPH in approving the merger. SFD's alleged interest is no different from that of the Town of Simsbury (also an intervenor) or that of the Office of Consumer Counsel, a party to the administrative proceedings. Connecticut Business Industry Assn., Inc. v. Commission onHospitals Health Care, 214 Conn. 726, 730 (1990) (policy-holder customers lack standing).
The statutes under which the DPUC and DPH approved the merger do not create any direct rights for customers. General Statutes § 16-43
merely mandates that the proposed merger of a public service company be approved by DPUC. General Statutes § 16-47(d) states that the change of control over any water company engaged in the business of supplying water service in Connecticut requires DPUC approval, taking into account the company's ability to provide "safe, adequate and reliable service to the public." Thus, § 16-47(d) focuses on the public service corporation and its relation to the public in general and does not create CT Page 3909 a specific personal or legal interest for SFD as a customer.[2]
SFD alleges in the complaint aggrievement as a ratepayer. This summary declaration is an insufficient allegation of aggrievement so as to meet the first prong of the test. Connecticut Business Industry Assn., Inc.v. Commission on Hospitals Health Care, supra, 214 Conn. 730. SFD supplements its allegations in the complaint regarding its ratepayer status with the affidavit of Kevin A. North, President of SFD.[3] In paragraph 4 of the affidavit, North states that SFD expends $135,000 of its $1.8 million budget on purchasing water and that the source of SFD's revenues is taxation of the residents of Simsbury. In paragraph 6, North states that any increase in water service costs would decrease SFD's level of service and would increase taxes to the residents.
The statements in the North affidavit, even if permitted to supplement what is totally missing in the complaint, do not sufficiently supplement the missing allegations of the complaint, especially as to the injury prong of the aggrievement test. North does not state whether SFD's water purchases are entirely obtained from VWC or at what percentage.[4]
Also, the North affidavit sets forth no contractual terms between SFD and VWC regarding rates or rate increases. While SFD contends in its brief (September 25, 2000, page 5) that it is aggrieved by the change in ownership and because the high costs facing the new international owners will likely lead to higher rates after two years, neither the complaint nor the North affidavit state these facts. As Judge Hartmere recently stated in Connecticut Attorneys Title Insurance Co. v. ConnecticutDepartment of Insurance, Superior Court, judicial district of New Britain, Docket No. 99-0496953 (March 6, 2000, Hartmere, J.) in dismissing an appeal for lack of allegations of aggrievement: "Unfortunately, the plaintiff has failed to plead the above allegation in its complaint, nor has the plaintiff plead any facts from which the court can infer this allegation."[5]
The complaint alleges that BHC is a subsidiary of an international concern, the Kelda Group, and further alleges that the final decision does not promote local control, an interest of SFD.[6] The North affidavit further alleges in paragraph seven that the relocation of the headquarters of VWC would be detrimental to the responsibilities of SFD. Even assuming that these allegations are true, the allegations do not satisfy the requisite pleading of aggrievement by SFD. Nowhere in either the actual complaint or the North affidavit — or the final decision, for that matter[7] — there any allegation that the BHC operation will be leaving Simsbury. The court may look to the subordinate facts implied by the pleading. Ribicoff v. Division of Public UtilityControl, supra, 38 Conn. Sup. 26. But SFD has done nothing more in its pleading than indicate that an international corporation is the parent of CT Page 3910 BHC; the court cannot conclude from such a sparse pleading that BHC will sever its local ties and that SFD will possibly suffer an injury.
Moreover, SFD disputes the parameters of local control as set forth in the final decision and seeks relief on this basis. (Complaint, para. 22 (a)). "[I]t is the policy of this state to reserve to itself the control of public service corporations serving more than one community." NewHaven Water Co. v. New Haven, 152 Conn. 563, 567-568 (1965); Rockvillev. Public Utilities Commission, 146 Conn. 1, 7 (1958) ("[16-11] does not provide that the transfer of control can be made only to the inhabitants of the franchise area."); Jennings v. Connecticut Light Power Co.,140 Conn. 650, 663 (1954) (interpreting the predecessor statute to §16-11). To satisfy the requirements of aggrievement, SFD had to allege facts to make this precedent inapplicable[8] if the duty to enforce local control is placed in DPUC and DPH alone, then the interest of SFD is a general one, not the specific personal or legal interest that is required under the decisions cited above.[9]
The court concludes that SFD's "allegations in the complaint, if proved, would [not] constitute aggrievement as a matter of law." Kelly v.Freedom of Information Commission, 221 Conn. 300, 310 (1992).[10]
Therefore the motions to dismiss are granted.
Henry S. Cohn, Judge